765 F.2d 144
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
JIMMY BURDEN, PLAINTIFF-APPELLANT,
v.
WARDEN REDMAN, GENE BERGETT; COUNSELOR WYNN; AND OFFICER
WASHINGTON, DEFENDANTS-APPELLEES.
 NO. 85-1053
 United States Court of Appeals, Sixth Circuit.
 5/10/85
 
 ORDER
 BEFORE: JONES and KRUPANSKY, Circuit Judges; and EDWARDS, Senior Circuit Judge.
 
 
 1
 Plaintiff appeals the January 8, 1985 district court order and judgment dismissing his complaint. Plaintiff also moved for appointment of counsel. The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and plaintiff's informal brief, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Rules of Appellate Procedure.
 
 
 2
 Plaintiff, a prisoner at Huron Valley Men's Facility in Ypsilanti, Michigan, sought declaratory and monetary relief against defendants for alleged violations of 42 U.S.C. Sec. 1983. Plaintiff asserted that his rights were violated when he was not allowed to talk to the warden or make three-way calls. He also claimed that his rights were violated when his phone privileges were taken away for 14 days as a result of his attempt to make three-way calls.
 
 
 3
 In order to maintain an action under 42 U.S.C. Sec. 1983, an individual must show a constitutional deprivation under color of state law. Parratt v. Taylor, 451 U.S. 527, 535 (1981); Sanderson v. Village of Greenhills, 726 F.2d 284, 286 (6th Cir. 1984). We conclude that plaintiff's claims are not sufficient to state a constitutional claim under either the First Amendment or the Fourteenth Amendment due process clause. Consequently, he did not show the constitutional deprivation required by 42 U.S.C. Sec. 1983.
 
 
 4
 Accordingly, it is ORDERED that plaintiff's motion for counsel is denied and the district court judgment is affirmed under Rule 9(d)(3), Rules of the Sixth Circuit.